PER CURIAM.
S.B. challenges an order, which terminates her parental rights to her minor *357 child, A.B. The State concedes error with respect to S.B.’s dispositive claim that she was not effectively served with a termination petition and notice of an advisory hearing. We reverse.
Pursuant to section 39.801(3)(a)(1), Florida Statutes (1999), and Florida Rule of Juvenile Procedure 8.505(a)(1), a parent in a termination proceeding must be personally served with a petition and notice of an advisory hearing. See M.E. v. Department of Children & Family Servs., 728 So.2d 367, 368 (Fla. 3d DCA 1999); see also J.B. v. Department of Children & Family Servs., 768 So.2d 1060 (Fla.2000) (stating that twenty-four hours’ notice of advisory hearing is insufficient to satisfy minimum due process requirements). The record here shows that, contrary to the statute and the rule, S.B. was served only by certified mail and only with a termination petition. Service was thus invalid.
Therefore, since the State correctly concedes error in this instance, and since this issue is indeed dispositive, we reverse the order terminating S.B.’s parental rights to A.B. and do not otherwise address the remaining two issues S.B. has raised on this appeal.
Reversed and remanded.
PATTERSON, C.J., THREADGILL and BLUE., JJ., Concur.